**O'HAGAN MEYER**
DEREK S. SACHS, SB# 253990
    E-Mail: DSachs@ohaganmeyer.com
1201 K Street, Suite 1960
Sacramento, California 95814
Ph: 916.884.0751

*Attorneys for Defendant American Neighborhood*
*Mortgage Acceptance Company LLC d/b/a*
*AnnieMac Home Mortgage*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMEKA MORRIS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY LLC d/b/a ANNIEMACK HOME MORTGAGE, a Limited Liability Company; KRISTINE PAULINO, an individual; and DOES 1 through 10,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br><br><br><br>Action Filed:   January 22, 2024<br>Trial Date:      Not set |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action, which is currently pending in the Superior Court of the State of California for the County of Sacramento, is hereby removed by Defendant American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage ("AnnieMac"), to the United States District Court for the Eastern District of California, Sacramento Division, by the filing of this Notice of Removal. As grounds for removal, AnnieMac states as follows:

///

///

///

///

---
1
NOTICE OF REMOVAL

## COMPLAINT AND TIMELINESS OF REMOVAL

1. On January 22, 2024, Plaintiff filed a complaint ("Complaint") in the Superior Court of the State of California for the County of Sacramento, in the case entitled *Tameka Morris v. Family First Funding LLC, et al*, Case No. 24CV000975. (the "State Court Action"). Plaintiff also named individual Defendant Kristine Paulino. (Declaration of Derek S. Sachs ("*Sachs Decl.*") ¶ 2 Ex. 1 [Pl.'s Comp.].) To AnnieMac's knowledge, no other defendants have been either named or served in the instant action.

2. On July 25, 2024, the State Court entered an Order permitting Plaintiff to amend the Complaint after Plaintiff alleged that then defendant Family First Funding LLC ("Family First") was improperly named, and substituting in "American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage, Family First a Division of AnnieMac Home Mortgage, a Delaware Limited Liability Company" as the true name of Family First. (*Sachs Decl.* ¶ 3 Ex. 2.)

3. As a result of the Order, any reference in the Complaint to Family First now must be interpreted as referring to "American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage, Family First a Division of AnnieMac Home Mortgage."

4. The Summons, Complaint, and Order comprise all copies of process, pleadings, and orders served upon AnnieMac in the State Court Action and are being filed with this notice as required by 28 U.S.C. § 1446(a).

5. There is no entity known as "American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage, Family First a Division of AnnieMac Home Mortgage." "Family First, a division of AnnieMac Home Mortgage" is an assumed/fictitious name for AnnieMac, as evidenced by the "Fictitious Business Name Statement" AnnieMac filed with the County of Sacramento Department of Finance Tax Collection and Business License Unit on March 16, 2023. (*Sachs Decl.* ¶ 4 Ex. 3)

6. On August 19, 2024, Plaintiff served AnnieMac's agent for service of process, PARACORP Plus. (*Sachs Decl.* ¶ 5 Ex. 4.)

///

7. This Notice of Removal is filed within thirty (30) days after the date indicated on the Proof of Service as required by 28 U.S.C. § 1446(b).

8. This Court is the district "embracing the place where [the State court] action is pending." 28 U.S.C. § 1441(a). The Superior Court of the State of California for the County of Sacramento is located in the Eastern District of California. 28 U.S.C. § 84(b).

### DIVERSITY JURISDICTION EXISTS

9. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by AnnieMac pursuant to 28 U.S.C. §1441(b), because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

**A.  Plaintiff and Defendants are Citizens of Different States**

10. Plaintiff: For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 857 (9th Cir. 2001). "[D]omicle is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, Plaintiff is a resident of California. (**Exhibit 1**, Complaint, ¶ 1). Plaintiff does not allege in the Complaint that she has any intention of leaving California. Therefore, upon information and belief, Plaintiff is domiciled in the state of California, and thus, a citizen of California.

11. AnnieMac: AnnieMac was at the time of the filing of this action, and still is, a limited liability company formed under the laws of the State of Delaware. (*Sachs Decl*. ¶ 7 Ex. 6.) For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens. *See* 28 U.S.C. § 1332; *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). AnnieMac has two members:

    a.  Hyperion Family Holding Company, LLC, which is owned entirely by Joseph Panebianco, who is domiciled in Puerto Rico; and

    b.  Ryan Kube, who is domiciled in Pennsylvania.

12. Accordingly, the citizenship of AnnieMac is Delaware, Puerto Rico, and Pennsylvania.

13. Paulino: The Complaint alleges that Defendant Paulino resides in the State of California, but provides no factual support for this assertion. According to public records from the St. Lucie County Property Appraiser and documents filed with the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, Defendant Paulino is actually domiciled in Florida, not California. (*Sachs Decl.* ¶ 6 Ex. 5)

14. Thus, complete diversity exists because Plaintiff is a citizen of California, and Defendants are citizens of Puerto Rico, Pennsylvania, Delaware, and Florida.

**B.     The Amount in Controversy Exceeds $75,000.00**

15. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

16. A defendant need only establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum. *See Valdez v. Allstate Ins. Co.*, 37 F.3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including compensatory damages, attorneys' fees, and statutory penalties. *See Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

17. In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 1999 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant will actually owe if the plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you owe. It's a question as to what is in controversy.").

18. The Complaint seeks unspecified monetary damages for general, special, and compensatory damages, as well as punitive and exemplary damages and damages for emotional distress. (*Sachs Decl.* ¶ 2 Ex. 1 [Pl.'s Comp. Prayer for Relief].) The claimed damages arise out of alleged violations of the Fair Employment and Housing Act ("FEHA") as well as public policy.

Plaintiff seeks both back pay and front pay for the alleged continued loss of income and other benefits. (Sachs Decl. ¶ 2 Ex. 1, ¶ 80.)  Pursuant to *Government Code* § 12965(b), Plaintiff can also recover attorneys' fees if she is the prevailing party.  These attorneys' fees can be considered in totaling the amount in controversy for diversity jurisdiction.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (explaining the amount in controversy may include "attorneys' fees awarded under fee shifting statutes.").

19. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56* (9th Cir. 1998).  In fact, courts have held that such allegations alone are sufficient to satisfy the amount in controversy requirement. *See Egan v. Premier Scales & Sys*. 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious, and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement.").  This confirms that the amount in controversy here exceeds the jurisdictional minimum.

20. Similar to compensatory damages, Plaintiff's claim for punitive damages is part of the amount in controversy when determining diversity jurisdiction. *See Gibson v. Chrysler Corp.* 261 F.3d 927, 945 (9th Cir. 2001).  California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases").; see also *Aucina v. Amoco Oil Co*. 871 F.Supp.332, 334 (SD. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claims for punitive damages along might exceed [the] jurisdictional amount").  This confirms that the amount in controversy exceeds the jurisdictional minimum.

21. AnnieMac maintains that it never employed Plaintiff, and that AnnieMac is not a successor entity to Family First Funding LLC (hereinafter "Family First").  However, AnnieMac was able to obtain information from Family First in order to calculate potential back and front pay

damages for purposes of meeting the amount in controversy. According to the Complaint, Plaintiff began working for Family First on June 15, 2021 and was terminated on May 12, 2022. (*Sachs Decl.* ¶ 2 Ex. 1, ¶¶ 15&26). Plaintiff's salary was $70,000 (Declaration of Gabriel Gillen ("Gillen Decl.") ¶ 3. Per Plaintiff's salary, her monthly gross income would be approximately $5,833.33. Her back pay is estimated at $5,833.33 x 27 (months elapsed since date of termination to present) = $157,500.00. In other words, Plaintiff's back pay, alone, would satisfy the jurisdictional threshold; therefore, her back pay coupled with all other economic and non-economic damages establish a reasonable presumption that the amount in controversy exceeds $75,000. Accordingly, AnnieMac has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

22. While AnnieMac denies the allegations of Plaintiff's Complaint, and denies any liability to Plaintiff whatsoever, if the allegations are proven to be true, the amount in controversy will exceed $75,000.00. Notwithstanding that the jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment or relief in her favor.

23. A Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed in the Superior Court for the State of California for the County of Sacramento, as required by 28 U.S.C. § 1446(d). Copies of the same will be served upon all counsel of record upon the filing of this Notice.

24. Because Defendant Paulino has not been served, her consent to removal is not necessary.

25. If a question arises as to the propriety of the removal of this action, AnnieMac requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

26. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of AnnieMac's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over a person, (2) improper venue; (3)

insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendant AnnieMac hereby removes the State Court Action from the Superior Court of the State of California for the County of Sacramento, to this Honorable Court, and requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State Court.

DATED: September 17, 2024 **O'HAGAN MEYER**

By: _/s/ Derek S. Sachs_
Derek S. Sachs
Attorneys for Defendant American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage