UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMEKA MORRIS, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY LLC d/b/a ANNIEMACK HOME MORTGAGE, a Limited Liability Company; KRISTINE PAULINO, an individual; and DOES 1 through 10,<br><br>　　　　Defendants. | Case No. 2:24-cv-02530-WBS-CKD<br><br>**RULE 26 JOINT STATEMENT**<br><br><br><br><br><br>Action Filed:　　January 22, 2024<br>Trial Date:　　　Not set<br>Status Conference:　January 27, 2025 |

Plaintiff, Tameka Morris ("Plaintiff" or "Morris"), and Defendant, American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage ("AnnieMac"), incorrectly named by Plaintiff as "American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage, Family First a Division of AnnieMac Home Mortgage", through their respective counsel, submit the following Rule 26 Joint Status Report pursuant to the Court's Order dated September 18, 2024:

**I.     JURISDICTION AND VENUE.**

AnnieMac removed this matter to this Court based on original diversity jurisdiction under 28 U.S.C. § 1332.  This is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.  *See* AnnieMac's Notice of Removal, Document # 1. Plaintiff claims venue is proper because she performed work for Family First in the County of Sacramento.

## II. BRIEF SUMMARY OF CLAIMS.

### A. *Summary of Plaintiff's Claims.*

Plaintiff originally filed her Complaint in Sacramento Superior Court on January 22, 2024 ("State Court Action"), alleging eight causes of action against Family First Funding LLC and Kristine Paulino: 1) Disability harassment, 2) Disability discrimination, 3) Failure to accommodate disability, 4) Failure to engage in the interactive process, 5) Race harassment, 6) Race discrimination, 7) Failure to prevent harassment, discrimination or retaliation, and 8) Wrongful termination. On July 25, 2024, Plaintiff amended the State Court Action to add AnnieMac as a Defendant. Subsequently, on September 17, 2024, AnnieMac removed this case to federal court.

### B. *Summary of AnnieMac's Defenses.*

AnnieMac is an improper party to this case. Plaintiff was an employee of only Family First Funding, LLC ("Family First"), a separate and distinct entity from AnnieMac. There was no merger between the entities or corporate acquisition of Family First by AnnieMac. AnnieMac was granted an exclusive, unlimited license to the trade name "Family First Funding" and created an internal division to track (for internal accounting purposes at AnnieMac) the results of the newly hired loan officers who used to work for Family First but that does not make it the same entity as Family First Funding, LLC, the New Jersey limited liability company, or its successor. The internal division of AnnieMac exists independently and concurrently with Family First. Nor is AnnieMac otherwise liable for any alleged acts or omissions of Family First in connection with Plaintiff's separation of employment from Family First.

Because Family First remains an active entity under New Jersey law, Plaintiff should add Family First as a defendant in this matter and dismiss AnnieMac. AnnieMac otherwise relies on the affirmative defenses raised in its Answer to the Complaint and is not, at this time, aware of any facts supporting the imposition of liability against Family First arising from Plaintiff's employment with Family First. Because Family First is not liable to Plaintiff, there can be no liability against AnnieMac, even if Plaintiff were somehow able to establish AnnieMac is a successor of Family First, which it is not.

III. **STATUS OF SERVICE.**

Plaintiff has served AnnieMac. Plaintiff had served the State Court Summons and Complaint package to Family First Funding, LLC on January 29, 2024. Plaintiff has not yet been able to locate/serve the individual defendant, Kristine Paulino.

IV. **POSSIBLE JOINDER OF ADDITIONAL PARTIES AND DEADLINE.**

Any motion to join parties must be with leave of Court and filed no later than 60 days before the close of fact discovery.

AnnieMac believes Family First should be added as a defendant.

Plaintiff had previously included Family First Funding LLC as a defendant in the original State Court Action. On February 15, 2024, Plaintiff's counsel received a letter from Liput Law Group, asserting itself as "outside counsel in connection with the recently completed wind-up of the business affairs of Family First Funding LLC." In April 2024, upon following up on the status of Family First Funding LLC's responsive pleading, Plaintiff's counsel received an email from Gabriel Gillen, Executive Vice President of Family First Funding, whose signature line states, "Family First A Division of AnnieMac Home Mortgage" (screenshot below). Based on this information and further research (see: https://www.nationalmortgagenews.com/news/anniemac-acquired-family-first-funding), Plaintiff's counsel had a reasonable and good faith understanding that AnnieMac acquired Family First Funding LLC and, accordingly, Plaintiff amended the complaint to add AnnieMac as a Defendant. Plaintiff is now perplexed as to why AnnieMac asserts that it is an improper party.

**Gabriel Gillen**
Executive Vice President of Family First Funding - NMLS# 151012
https://poplme.co/KDH4fOXm

**Family First A Division of AnnieMac Home Mortgage**
700 East Gate Dr, Suite 400, Mount Laurel, NJ, 08054

Email: GGillen@fam1fund.net
Tel: (732) 505-4602
Fax: 732-505-4602
Web: https://GabeGillen.annie-mac.com

FAMILY FIRST
NMLS# 338923

## V. CONTEMPLATED AMENDMENT TO PLEADINGS AND DEADLINE.

Plaintiff does not contemplate any amendments to the pleadings other than adding back Family First Funding LLC as a named Defendant pursuant to Defendant's request. Plaintiff will not dismiss AnnieMac, however.

Any motion to amend the pleadings must be with leave of Court and filed no later than 60 days before the close of fact discovery.

## VI. INITIAL DISCLOSURES.

The parties will exchange the disclosures required by F.R..C. P. 26 before February 1, 2025.

## VII. DISCOVERY/MOTION PLAN.

A. *Fact Discovery*. All fact discovery must be completed no later than August 1, 2025.

B. *Expert Discovery*.

    i. All affirmative expert reports must be served no later than September 1, 2025.

    ii. Any rebuttal expert report must be served no later than October 1, 2025.

    iii. Expert discovery must be completed by November 1, 2025.

C. *Dispositive Motions*. Any dispositive motion must be filed no later than December 1, 2025 and heard no later than March 6, 2026.

## VIII. ESTIMATED LENGTH OF TRIAL.

The Parties estimate 4 days of trial.

## IX. SPECIAL MODIFICATIONS.

The parties propose no special modifications to the standard pretrial proceedings.

## X. CORPORATE DISCLOSURE.

AnnieMac has no parent or subsidiary corporations and no publicly held company holds any interest in AnnieMac.

## XI. APPEARANCE AT 1/27/25 STATUS CONFERENCE.

Unless the Court requires their attendance, counsel for the parties prefer not to appear at the Status Conference scheduled for January 27, 2025. To the extent the Court requires counsel to appear, AnnieMac respectfully requests that its outside counsel in Michigan, Robert M. Horwitz,

be permitted to attend by telephone or virtually.  Plaintiff's counsel also respectfully desires to attend remotely.

## XII. OTHER MATTERS.

The parties have no other matters to bring to the Court's attention at this time.

DATED:  January 13, 2025                              **MADDIN HAUSER ROTH & HELLER PC**

By:   */s/ Robert Horwitz*
Robert M. Horwitz (MI-P51466)
*Pro Hac Vice* Attorney for Defendant American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage

DATED:  January 13, 2025                              **O'HAGAN MEYER**

By:   */s/ Derek Sachs*
Derek S. Sachs
Attorneys for Defendant American Neighborhood Mortgage Acceptance Company LLC d/b/a AnnieMac Home Mortgage

DATED:  January 13, 2025                              **THE WORK JUSTICE FIRM**

By:   */s/ Garen Nadir*
Brent P. Marlis
Garen R. Nadir
Attorneys for Plaintiff Tameka Morris

# CERTIFICATE OF SERVICE [F.R.C.P. § 5]

Morris v American Neighborhood Mortgage Acceptance Co, *et al*
Eastern District of California Case No.: 2:24-cv-02530-WBS-CKD

I am a citizen of the United States and a resident of the State of California. I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 1201 K Street, Suite 1960, Sacramento, California 95814.

On January 13, 2025, I served the document(s) described below in the manner set forth below:

- **RULE 26 JOINT STATEMENT**

☒ (BY ELECTRONIC TRANSMISSION) I caused the listed document(s) to be electronically filed through the CM/ECF system at the United States District Court for the Eastern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

I declare under penalty of perjury under the laws of the United States of America and the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct.

Executed on January 13, 2025, at Sacramento, California.

*/s/ Koreen L. Janus*
Koreen L. Janus